NO. 07-12-0242-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 3, 2013

_____

MARIO SOCCORRO MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 63,883-A; HONORABLE DAN SCHAAP, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Mario Soccorro Martinez, was convicted by a jury of possession of a controlled substance, enhanced, and sentenced to nine years confinement. When the clerk's record was filed, it came to this Court's attention that it did not contain a *Trial Court's Certification of Defendant's Right of Appeal* as required by Rule 25.2(a)(2) and (d) of the Texas Rules of Appellate Procedure. By letter dated October 29, 2012, the trial court and trial court clerk were notified of the

defect and given thirty days to correct the deficiency. *See* TEX. R. APP. P. 37.1. Following expiration of the deadline, on December 20, 2012, the Clerk of this Court inquired of the trial court clerk whether a certification had been filed. The trial court clerk advised that the certification remained outstanding.

Consequently, we now abate this appeal and remand this cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a proper *Trial Court's Certification of Defendant's Right of Appeal* in compliance with Rule 25.2(d). Once properly completed and executed, the certification shall be filed and included in a supplemental clerk's record. *See* TEX. R. APP. P. 34.5(a)(12). The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court within 30 days of the date of this order. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this cause will be referred to this Court for further action. *See* TEX. R. APP. P. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.